THE LAW OFFICES OF JACOB ARONAUER
Jacob Aronauer (9184)
225 Broadway, Suite 307
New York, New York 10007
Telephone: (212) 323-6980

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
DAHLIA SCOTT, on behalf of
herself and others similarly                                    COMPLAINT
situated,
            Plaintiff,    FLSA COLLECTIVE
                  ACTION

  -against-           ECF CASE

JENCARE SKIN FARM, INC. d/b/a
JENCARE DAY SPA and JENCARE
SKIN FARM DAY SPA LLC d/b/a
JENCARE DAY SPA and JENNIFER
SAMUDA, LLOYD SAMUDA, PETA-GAY
REANNE SAMUDA and MICHAEL SAMUDA,
individually,
            Defendants.
-------------------------------------------------------------------------X

Plaintiff, Dahlia Scott ("Scott" or "Plaintiff"), on behalf of herself and all other similarly situated manicurists, pedicurists and masseurs, by her attorneys, The Law Offices of Jacob Aronauer, complaining of the Defendants Jencare Skin Farm Day Spa LLC d/b/a Jencare Day Spa and Jencare Skin Farm, Inc. d/b/a Jencare Day Spa and Jennifer Samuda, Peta-Gaye Reanne Samuda, Lloyd Samuda and Michael Samuda, individually (collectively herein the "Defendants") alleges the following:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by the Plaintiff and all other similarly situated manicurists, pedicurists and masseurs to recover unpaid minimum wages and unpaid overtime

compensation under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and the collective class work or have worked as manicurists, pedicurists and masseurs at the two day spas owned as a family by the individual Defendants (the "Samudas").[1]

2. Plaintiff brings this action on behalf of herself and all similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA that occurred at the two health care spas owned and controlled by the Samudas in New York ("New York Jencare Spa") and Florida ("Florida Jencare Spa"), respectively.

3. Plaintiff and the FLSA collective also bring this action under the Wage Theft Protection Act, for Defendants' failure to provide written notice of wage rates in violation of said laws.

4. Plaintiff and the FLSA collective class seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay minimum wages, overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217, and 28 U.S.C. § 1337.

6. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

---

[1] There is a third Jencare Day Spa owned by the Samudas. However, the third Jencare Day Spa owned by the Samudas is located in Kingston, Jamaica. Plaintiff does not bring this lawsuit on behalf of similarly situated employees with respect to the Jencare Day Spa located in Jamaica.

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff**

8. Plaintiff is and was at all times relevant hereto an individual residing in Queens, New York.

**Defendants**

9. For at least approximately the last ten years Jencare Day Spa has been operating as a family run business.  Jennifer and Lloyd Samuda, along with their children, Peta-Gaye Reanne Samuda and Michael Samuda, have owned and maintained control, oversight and direction of the New York Jencare Spa and the Florida Jencare Spa.

10. Defendant Jennifer Samuda is a person engaged in business in Nassau County, who is sued individually in her capacity as an owner, officer and/or agent of Jencare Skin Farm, Inc. and Jencare Skin Farm Day Spa LLC. Along with her husband, Lloyd Samuda, and her children Peta-Gaye Reanne Samuda and Michael Samuda, Jennifer Samuda exercised sufficient control over Jencare Skin Farm, Inc. and Jencare Skin Farm Day Spa LLC to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees, and established and maintained policies regarding the pay practices at both New York Jencare Spa and Florida Jencare Spa.

11. At all relevant times Jennifer Samuda resided in (and continues to reside in) Broward County, Florida.

12. Defendant Lloyd Samuda is a person engaged in business in Nassau County, who is sued individually in his capacity as an owner, officer and/or agent of Jencare Skin Farm, Inc. and Jencare Skin Farm Day Spa LLC. Along with his wife, Jennifer Samuda, and his children Peta-Gaye Reanne Samuda and Michael Samuda, Lloyd Samuda exercised sufficient control over Jencare Skin Farm, Inc. and Jencare Skin Farm Day Spa LLC to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees, and established and maintained policies regarding the pay practices at both New York Jencare Spa and Florida Jencare Spa.

13. At all relevant times Lloyd Samuda resided in (and continues to reside in) Broward County, Florida.

14. Defendant Peta-Gay Reanne Samuda is a person engaged in business in Nassau County, who is sued individually in her capacity as an owner, officer and/or agent of Jencare Skin Farm, Inc. and Jencare Skin Farm Day Spa LLC. Along with her parents, Lloyd Samuda and Jennifer Samuda, as well as her brother, Michael Samuda, Peta-Gay Reanne Samuda exercised sufficient control over Jencare Skin Farm, Inc. and Jencare Skin Farm Day Spa LLC to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees, and established and maintained policies regarding the pay practices at both New York Jencare Spa and Florida Jencare Spa.

15. At all relevant times Peta-Gay Samuda resided in (and continues to reside in) Broward County, Florida.

16. Defendant Michael Samuda is a person engaged in business in Nassau County, who is sued individually in his capacity as an owner, officer and/or agent of Jencare Skin Farm, Inc. and Jencare Skin Farm Day Spa LLC. Along with his parents, Lloyd Samuda and Jennifer Samuda, as well as his sister, Peta-Gay Samuda, Michael Samuda exercised sufficient control over Jencare Skin Farm, Inc. and Jencare Skin Farm Day Spa LLC to be considered Plaintiff's employer under the FLSA and NYLL, and at all times material hereto said defendant had the authority to hire and fire employees, and established and maintained policies regarding the pay practices at both New York Jencare Spa and Florida Jencare Spa.

17. At all relevant times Michael Samuda resided in (and continues to reside in) Broward County, Florida.

18. Defendants Jennifer Samuda, Lloyd Samuda, Peta-Gaye Reanne Samuda and Michael Samuda operate New York Jencare Spa and Florida Jencare Spa as a single integrated enterprise. Specifically, the New York Jencare Spa and the Florida Jencare Spa locations are engaged in related activities and have a common business purpose.

19. Defendants jointly employed Plaintiff and similarly situated employees at all times relevant to this action.

20. Each Defendant has had substantial control over Plaintiff and similarly situated employees' working conditions and practices alleged herein.

21. Defendant Jencare Skin Farm Day Spa LLC is a Florida limited liability company, having its principal place of business address at 2051 Green Acres Mall, Valley Stream, NY 11581.

22. At all times relevant to this action, Defendant Jencare Skin Farm Day Spa LLC was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

23. Defendant Jencare Skin Farm Day Spa LLC has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

24. Defendant Jencare Skin Farm, Inc. is a Florida profit corporation located at 11607 Red Road, Miramar, FL 33025.

25. At all times relevant to this action, Defendant Jencare Skin Farm, Inc. was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

26. Defendant Jencare Skin Farm, Inc. has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

## COLLECTIVE ACTION ALLEGATIONS

27. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of herself and other similarly persons (manicurists, pedicurists and masseurs) who are current and former employees of New York Jencare Spa and Florida Jencare Spa since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

28. The FLSA Collective consists of approximately twelve (12) similarly situated current and former manicurists, pedicurists and masseurs at New York Jencare Spa and Florida Jencare Spa who have been victims of Defendants' common policy and practices that

6

have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

29. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy and/or policy includes, *inter alia*, the following:

    i. failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week;

    ii. failing to keep accurate records of hours worked by employees as required by the FLSA and NYLL.

30. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

31. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

32. The position of manicurist, pedicurist and masseur is not exempt and has never been exempt. Manicurists, pedicurists and masseurs, though, are not paid for all hours worked in excess of forty (40) hours per week.

33. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any workweek, unless they are exempt from coverage.

34. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any workweek.  The exact accounting of such discrepancy can only be determined upon completion of discovery.

35. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and any anything otherwise required by law.

36. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing:  the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with NYLL § 195(3).

**FACTS**

**Plaintiff Scott's Employment at New York Jencare**

37. From approximately November 2012, through on or about February 19, 2016, Plaintiff was employed, without interruption, as a manicurist, pedicurist, and masseur by Defendants.

38. Throughout Plaintiff's employment with Defendants, Plaintiff worked at New York Jencare.

39. Throughout her employment with Defendants, Plaintiff was scheduled to work more than 40 hours each week.

40. Throughout her employment with Defendants, even though Plaintiff was not exempt, Plaintiff was not paid time and one half for all hours worked over 40 hours.

41. In fact, Plaintiff was not paid any overtime whatsoever throughout her employment with Defendants.

42. Plaintiff was not paid the applicable New York minimum wage in the course of her employment.

43. Throughout Plaintiff's employment with Defendants, she was not paid spread-of-hours pay for shifts in which she worked 10 hours or more.

44. Throughout Plaintiff's employment, Defendants did not require Plaintiff to "clock in" or use any other formal time tracking method with respect to her hours.

45. Throughout Plaintiff's employment, Defendants paid Plaintiff on or about the first of the month (for the prior month's work).

46. When Defendants paid Plaintiff, they did not provide Plaintiff with a notation of the hours worked by Plaintiff.

47. Nor did Defendants provide Plaintiff with any documentation as to her rate of pay.

**Plaintiff Scott's Work Schedule
and Salary at Jencare New York**

48. From November 2012 through on or about May 2013 ("Time Period 1"), Plaintiff worked seven days a week.

49. Throughout Time Period 1, from Monday through Saturday, Plaintiff worked from 10 a.m. until 9:30 p.m.

50. Throughout Time Period 1, on Sundays, Plaintiff worked from 11 a.m. to 7 p.m.

51. Throughout Time Period 1, Plaintiff did not receive any scheduled meal breaks.

52. Throughout Time Period 1, Plaintiff was paid $1,400.00 at the end of each month (the equivalent of $322.58 each week).

53. Throughout Time Period 1, even though Plaintiff worked more than 40 hours each week, Plaintiff was not paid overtime. Rather, she was only paid for the first forty hours she worked each week.

54. In addition, throughout Time Period 1, Plaintiff was not paid minimum wage in compliance with NYLL.

55. Beginning on or about May 2013 until the end of her employment in February 2016 ("Time Period 2"), Plaintiff was permitted by Defendants to take one day off each week.

56. Throughout Time Period 2, Plaintiff had Wednesdays off.

57. Throughout Time Period 2, Mondays, Tuesdays, Thursdays, Fridays and Saturdays Plaintiff worked from 10 a.m. until 9:30 p.m.

58. Throughout Time Period 2, on Sundays, Plaintiff worked from 11 a.m. until 7 p.m.

59. Throughout Time Period 2, Plaintiff did not receive any scheduled meal breaks.

60. Throughout Time Period 2, Plaintiff was paid $1,400.00 at the end of each month (the equivalent of $322.58 each week).

61. Throughout Time Period 2, even though Plaintiff worked more than 40 hours each week, Plaintiff was not paid overtime. Rather, she was only paid for the first forty hours she worked each week.

62. Throughout Time Period 2, Plaintiff was not paid minimum wage in compliance with NYLL.

63. Plaintiff's employment with Defendants ended on February 19, 2016.

**Defendants' Violations of the Wage Theft Protection Act**

64. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

65. Throughout the relevant time period, Defendants paid Plaintiff's wages without any accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

66. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

**FIRST CAUSE OF ACTION**
**FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.***

67. Plaintiff, on behalf of herself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

68. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per workweek.

11

69. At all relevant times throughout her employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

70. At all relevant times throughout Plaintiff and the FLSA Collective's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times her regular hourly rate for hours worked in excess of forty (40) hours per workweek.

71. Defendants' decision not to pay overtime was willful.

72. Plaintiff and the FLSA Collective seek damages in the amount of her unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
**Unpaid Overtime Wages Under New York Labor Law**

73. Plaintiff, on behalf of herself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

74. At all times relevant to the action, Plaintiff and the FLSA Collective were employed by Defendants within the meaning of NY Labor Law § 652 and 12 NYCRR §142-2.2.

75. Defendants failed to pay Plaintiff and the FLSA Collective the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NY Labor Law.

76. Defendants' failure to pay required overtime was willful.

77. As a result of Defendants' NY Labor Law violations, Plaintiff and the FLSA Collective are entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages, as well as reasonable attorneys' fees and the costs of the action, including interest, pursuant to the NY Labor Law.

## THIRD CAUSE OF ACTION
### New York Labor Law—Failure to Pay Minimum Wage

78. Plaintiff, on behalf of herself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

80. At all times relevant, Plaintiff was employed by Defendants, and Defendants were employers of Plaintiffs within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

81. At all times relevant, Plaintiff was covered by the NYLL.

82. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protects Plaintiff.

83. Defendants failed to pay Plaintiff the minimum hourly wages to which she is entitled under the NYLL and the supporting New York State Department of Labor Regulations.

84. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

85. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices

86. Plaintiff, on behalf of herself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

87. Defendants willfully failed to supply Plaintiff and the FLSA Collective with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff in her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

88. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

89. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the FLSA Collective are entitled to statutory penalties of fifty dollars per workweek that Defendants failed to provide Plaintiff and the FLSA Collective with wage notices, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION
### New York Labor Law- Failure to Pay Spread-of-Hours Pay

90. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

91. Throughout the relevant time period, Plaintiff frequently worked more than ten hours in a workday.

92. Defendants willfully failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate on days in which the length of her workday was more than ten hours, as required by New York law.

93. Through their knowing or intentional failure to pay Plaintiff spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

94. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants her unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law- Failure to Provide Wage Statements

95. Plaintiff, on behalf of herself and the FLSA Collective, realleges and incorporates by reference all allegations in all preceding paragraphs.

96. Defendants have willfully failed to supply Plaintiff and the FLSA Collective with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages;

15

hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

97. Through their knowing or intentional failure to provide Plaintiff and the FLSA Collective with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

98. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the FLSA Collective are entitled to statutory penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of twenty-five hundred dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Jencare Skin Farm, Inc. d/b/a Jencare Day Spa and Jencare Skin Farm Day Spa LLC d/b/a Jencare Day Spa ("Jencare") and Jennifer Samuda, Peta-Gaye Reanne Samuda, Lloyd Samuda and Michael Samuda, jointly and severally, as follows:

(a) Designation of the action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of the action, and permitting them to assert timely FLSA claims and state claims in the action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid minimum wages, overtime wages and spread of hours pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(c) Damages for unpaid overtime and minimum wages due to Plaintiff and the FLSA Collective in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(d) Penalties of fifty dollars for each workweek that Defendants failed to provide Plaintiff and the FLSA Collective with a wage notice, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, § 198;

(e) Penalties of one hundred dollars for each workweek that Defendants failed to provide Plaintiff and the FLSA Collective with accurate wage statements, or a total of twenty-five hundred dollars as provided for by NYLL, Article 6, § 198;

(f) Awarding damages as a result of Defendants' failure to furnish a notice at the time of hiring pursuant to NYLL;

(g) For prejudgment interest on the foregoing amounts;

(h) For her costs and disbursements of the action, including attorneys' fees; and

(i) For such other further and different relief as the Court deems just and proper.

Dated:  April 13, 2016
            New York, New York

                    Respectfully submitted,

                    **THE LAW OFFICES OF JACOB ARONAUER**

By:    */s/ Jacob Aronauer*
        Jacob Aronauer (JA: 9184)
        225 Broadway, Suite 307
        New York, NY 10007
        Telephone:     (212) 323-6980
        Facsimile:      (212) 233-9238
        jaronauer@aronauerlaw.com

*Attorneys for Plaintiff*