**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

---

**DAHLIA SCOTT, on behalf
of herself and others similarly
situated,**

                            Plaintiff,

        - against -

**JENCARE SKIN FARM, INC. d/b/a
JENCARE DAY SPA and JENCARE
SKIN FARM DAY SPA LLC d/b/a
JENCARE DAY SPA and JENNIFER
SAMUDA, LLOYD SAMUDA,
PETA-GAY REANNE SAMUDA and
MICHAEL SAMBUDA,
individually,**

                        Defendants.

---

**16-CV-01773 (SJF)(AKT)**

**PLAINTIFF'S
MEMORANDUM
OF LAW IN SUPPORT OF
MOTION FOR
CONDITIONAL
CERTIFICATION**

 

 

**THE LAW OFFICES OF JACOB ARONAUER**

Jacob Aronauer
225 Broadway, Suite 307
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorneys for Plaintiffs*

July 25, 2016

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................. 2

ARGUMENT Conditional Certification and the Approval of

Court-Authorized Notice Should be Granted ......................................................... 3

A. Prompt Notice Would Serve the Goals of the FLSA ............................................... 3

B. Timely Notice is Crucial........................................................................................... 5

C. Plaintiff and Potential Plaintiffs are Similarly Situated........................................... 5

D. The Court Should Approve Plaintiff's Proposed Notice........................................... 8

E. The Court Should Require Defendants to Post the Notice in All of Their Spas.................... 9

F. Discovery of Names, Addresses, Telephone Numbers and
Social Security Numbers is Proper and Necessary Under Section 216(b)................................. 9

CONCLUSION............................................................................................................................. 10

## TABLE OF AUTHORITIES

### CASES

*Amendola v. Bristol-Myers Squibb Co.*, 588 F. Supp.2d 459, 466 (S.D.N.Y. 2008)...................... 5

*Anglada v. Lines 'n Things, Inc.*, No. 06-cv-12901, 2007 WL 1552511, at *7 (S.D.N.Y. May 29,

2007)........................................................................................................................................... 9

*Belt v. Emcare Inc.*, 299 F. Supp.2d 664, 667 (E.D. Tex. 2003) ...................................................... 9

*Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335 (2d Cir. 1978)................................... 4, 5

*Cano v. Four M Food Corp.* 2009 WL 5710143 at *3 (E.D.N.Y. Feb. 9, 2009) ........................... 8

*Cruz v. Hook-SupeRx, L.C.C.*, No. 09-cv- 7717 (PAC), 2010 WL 3069558, at *1 (S.D.N.Y. Aug.

5, 2010)....................................................................................................................................... 4

*Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) ................................................ 6

*Diaz v. Scores Holding Co.*, No. 07-cv-8718 (RMB), 2009 WL 7863502, (S.D.N.Y. May 9,

2008)........................................................................................................................................... 7

*Enriquez v. Cherry Hill Market Corp.*, 2012 WL 440691 at *1 (E.D.N.Y. Feb. 10, 2012) ........... 6

*Escano v. N.A. Produce and Grocery Corp.*, 2015 WL 1069384 at *2 (S.D.N.Y. March 11, 2015)

..................................................................................................................................................... 3

*Garcia v. Pancho Villa's of Huntington Village, Inc.*, 678 F. Supp.2d 89, 92 (E.D.N.Y. 2010) ... 6

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 104 (S.D.N.Y. 2003) .............. 6

*Greene v. C.B. Holding Corp.*, 10-cv-01094, 2010 WL 3516566, at *4 (E.D.N.Y. Aug. 12, 2010)

..................................................................................................................................................... 7

*Hernandez v. Bare Burger Dio Inc.*, 2013 U.S. Dist. LEXIS 89254, at * 7 (S.D.N.Y. June 25,

2014)........................................................................................................................................... 3

*Hoffman v. Sbarro, Inc.*, 982 F. Supp.249, 261 (S.D.N.Y. 1997)................................................... 7

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)..................................................... 4

*Juarez v. 449 Restaurant, Inc.* 29 F. Supp.3d 363, 371 (S.D.N.Y. 2014) ...................................... 2

*Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, 2012 U.S. Dist. LEXIS 76660, 2012

WL 1981507 at * 2 (S.D.N.Y. June 1, 2012).............................................................................. 3

*Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985)........................................... 9

*Krueger v. N.Y. Tel Co.*, Nos. 93-cv-0178-79, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993)7

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006) .............................................. 9

*Lunch v. United Servs. Auto. Ass'n*, 491 F. Supp.2d 357, 369 (S.D.N.Y. 2007)........................... 7

*Patton v. Thomson Corp.*, 364 F. Supp.2d 263, 268 (E.D.N.Y. 2005)........................................... 9

*Pefanis v. Westway Diner, Inc.* 2008 U.S. Dist. LEXIS 81082, at * 4 (S.D.N.Y. Oct. 8, 2008).... 5

*Realite v. Ark Rests. Corp.*, 7 F. Supp.2d 303 (S.D.N.Y. 1998)...................................................... 4

*Ruggles v. WellPoint, Inc.*, 591 F. Supp.2d 150, 162 n.12 (N.D.N.Y. 2008) ................................. 4

*Shajan v. Barolo Ltd.*, No. 10-cv-1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010)8

*Sherrill v. Sutherland Global Servs. Inc.*, 487 F. Supp.2d 344, 350 (W.D.N.Y. 2007)................. 9

*Siewmungal*, 2012 WL 715973 at *3 (E.D.N.Y. March 3, 2012).................................................... 7

*Sipas v. Sammy's Fishbox, Inc.*, No. 05-cv-10319 (PAC), 2006 WL 1084556, at *1 (S.D.N.Y.

Apr. 24, 2006) .............................................................................................................................. 4

*Valerio v. RNC Indus, LLC*, 314 F.R.D. 61, 2016 U.S. Dist. LEXIS 37098 at *65-66 (E.D.N.Y.

2016)............................................................................................................................................. 6

*Vaughan v. Mortg. Source LLC*, 2010 U.S. Dist. LEXIS 366615, at * 19 (E.D.N.Y. Apr. 14,

2010)............................................................................................................................................. 5

*Walston v. Edward J. Young, Inc.*, 2016 U.S. Dist. LEXIS 22084 at *12-14 (E.D.N.Y. Feb. 22,

2016)............................................................................................................................................. 6

*Wang v. Empire State Auto Corp.*, 2015 U.S. Dist. LEXIS 99089, at * 11-12 (E.D.N.Y. June 29,

2015)............................................................................................................................................. 2

## STATUTES

FLSA 29 U.S.C. § 201 ...................................................................................................................... 4

FLSA 29 U.S.C. § 216(b) ............................................................................................................. 1, 4

## PRELIMINARY STATEMENT

This is a case about manicurists, pedicurists and massage therapists attempting to recover unpaid wages from Jennifer and Lloyd Samuda along with their daughter, Peta-Gaye Reanne (the "Samudas" or "Defendants"), and the two day spas they own in Valley Stream, NY, and Miramar, FL.[1] Through this motion, Plaintiff Dahlia Scott ("Scott" or "Plaintiff") seeks to protect the rights of other current and former employees of the day spas owned and controlled by Defendants. Plaintiff will be able to protect the rights of these potential plaintiffs through sending them Court-approved notice of this action and letting them decide whether to seek unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). As set forth below, Plaintiff far exceeds her low burden on this motion for conditional certification.

The FLSA collective plaintiffs consist of approximately twelve (12) similarly situated current and former employees at New York Jencare Spa and Florida Jencare Spa, owned by the Samudas. *See* ¶ 28 of Plaintiff's Complaint (the "Compl.").

Plaintiff and the potential plaintiffs have been (and continue to be) victims of Defendants' policies and practices that have violated their rights under the FLSA by, *inter alia*, failing to pay manicurists, pedicurists and massage therapists overtime wages. *See* ¶¶ 28-29 of the Compl. The declarations of Scott ("Scott Decl.") and Jacob Aronauer ("Aronauer Decl."), respectively and the Complaint demonstrate that Defendants subjected Plaintiff and her fellow manicurists, pedicurists and massage therapists to the same unlawful wage practices. Plaintiff and her fellow manicurists, pedicurists and massage therapists routinely discussed with each other that they were not being paid overtime, even though they all worked more than 40 hours each week. *See* ¶¶ 17-18 of Scott Decl.

---

[1] Plaintiff's counsel has provided Defendants' counsel with a stipulation of dismissal for Defendant Michael Samuda.

All of these employees will benefit from prompt Court-authorized notice. To protect putative collective action members' rights and interest, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all covered employees. Notice is appropriate at this early, pre-disclosure, pre-discovery stage of the case, because the initial pleadings and preliminary evidence show that all covered employees are similarly situated. All covered employees work (or worked) as manicurists, pedicurists and massage therapists in the spas owned by the Samudas. Together, Plaintiffs "were victims of a common policy or plan that violated the law." *See Juarez v. 449 Restaurant, Inc.* 29 F. Supp.3d 363, 371 (S.D.N.Y. 2014); *see also Wang v. Empire State Auto Corp.*, 2015 U.S. Dist. LEXIS 99089, at \* 11-12 (E.D.N.Y. June 29, 2015).

## STATEMENT OF FACTS

For at least approximately the last ten years ("the Relevant Time Period") the Samudas have been the owners of New York Jencare Spa and Florida Jencare Spa. On their very own website (www.jencare.com), the Samudas state that "Jencare is and will always be a family business." *See* ¶2 of Aronauer Decl. Jennifer Samuda, Peta-Gaye Reanne Samuda and Lloyd Samuda control the rate of pay and work schedule for the employees of both spas. *See* ¶ 1 of Scott Decl.

Plaintiff Dahlia Scott (who is the class representative) from November 2012 through February 2016 worked at the Jencare Day Spa located in New York owned and controlled by the Samudas. *See* ¶ 2 of Scott Decl. During the time period that Scott worked for the Samudas, she was never paid overtime even though virtually throughout her entire employment she worked more than 40 hours each week. *See* ¶¶ 10-13 of Scott Decl.

2

In her conversations with other manicurists, pedicurists and massage therapists at Jencare Spa, the subject of their pay often arose. In these conversations, other manicurists, pedicurists and massage therapists voiced complaints that they were not being paid overtime. *See* ¶ 17-18 of Scott Decl.

The Samudas operate the New York and Florida Jencare spas as a single integrated enterprise. *See* ¶ 18 of the Compl; *see also* ¶ 2 of Aronauer Decl. At least one of the manicurists, pedicurists and massage therapists employed by Jencare at their New York location had previously worked at the Florida Jencare location. *See* ¶ 20 of Scott Decl. Employees at both Jencare spa locations performed similar job duties for a similar rate of pay.

## ARGUMENT
### Conditional Certification and the
### Approval of Court-Authorized Notice Should be Granted

#### A. Prompt Notice Would Serve the Goals of the FLSA

Through the allegations in the pleadings and the declaration of Scott, Plaintiff has demonstrated that manicurists, pedicurists and massage therapists employed by Defendants are subjected to the same illegal pay practices, and therefore are similarly situated. Allegations in the pleadings and declarations are sufficient to make this modest factual showing. *See Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.,* 2012 U.S. Dist. LEXIS 76660, 2012 WL 1981507 at * 2 (S.D.N.Y. June 1, 2012) (certifying collective action based upon complaint and one affidavit); *see also Escano v. N.A. Produce and Grocery Corp.,* 2015 WL 1069384 at *2 (S.D.N.Y. March 11, 2015) ("moreover, a court may 'grant [] conditional collective certification based upon personal observations of one's affidavit") *citing Hernandez v. Bare Burger Dio Inc.,* 2013 U.S. Dist. LEXIS 89254, at * 7 (S.D.N.Y. June 25, 2014).

The FLSA authorizes private parties to sue in federal court to recover damages. 29 U.S.C. § 201 *et seq.* In addition to bringing individual suits, aggrieved employees may bring a collective action "on behalf of themselves and other employees similarly situated." 29 U.S.C. § 216(b). Allowing FLSA suits to proceed as collective actions furthers the goal of judicial economy. Collective actions enable the "efficient resolution in one proceeding of common issues of law and fact..." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments on claims arising from the same events and brought under the same laws.

To serve the "broad remedial purpose" of the FLSA, courts have the authority to notify potential opt-in plaintiffs of their chance to join an existing action early in the proceedings. *Hoffman-La Roche*, 493 U.S at 169; *Braunstein v. E. Photo Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978); *Realite v. Ark Rests. Corp.*, 7 F. Supp.2d 303 (S.D.N.Y. 1998). This is the preferred method for managing collective actions, because "employees must receive timely notice in order for the benefits of the collective action to accrue." *Cruz v. Hook-SupeRx, L.C.C.*, No. 09-cv-7717 (PAC), 2010 WL 3069558, at *1 (S.D.N.Y. Aug. 5, 2010).

Here, time is of the essence, because employees' claims are diminished or extinguished every day. Because the statute of limitations does not toll for a potential plaintiff until he or she opts in to the action, early notice is essential. *Ruggles v. WellPoint, Inc.*, 591 F. Supp.2d 150, 162 n.12 (N.D.N.Y. 2008). The Second Circuit "encourages the sending of notices to 'similarly situated' individuals." *Sipas v. Sammy's Fishbox, Inc.*, No. 05-cv-10319 (PAC), 2006 WL 1084556, at *1 (S.D.N.Y. Apr. 24, 2006) (*quoting Braunstein*, 600 F.2d at 336).

4

## B. Timely Notice is Crucial

Timely notice is especially important where there is the risk that employers may discourage other employees from joining the lawsuit. Courts regularly recognize "the risk of bias and coercion" inherent in the employer/employee relationship. *Vaughan v. Mortg. Source LLC*, 2010 U.S. Dist. LEXIS 366615, at * 19 (E.D.N.Y. Apr. 14, 2010). Timely notice will accurately inform workers at the spas owned by the Samudas about the case, and will provide Plaintiff and the potential plaintiffs with access to covered employees equal to that of Defendants. Without Court-supervised notice, captive current employees will remain vulnerable and misinformed.

The fact that none of Scott's co-workers have joined the lawsuit yet is irrelevant. Current employees may hesitate to join a lawsuit against their employer for many reasons, such as fear of retaliation. *See Amendola v. Bristol-Myers Squibb Co.*, 588 F. Supp.2d 459, 466 (S.D.N.Y. 2008); *see also Pefanis v. Westway Diner, Inc.* 2008 U.S. Dist. LEXIS 81082, at * 4 (S.D.N.Y. Oct. 8, 2008). Given the "broad remedial purpose of the [FLSA], which should be given a liberal construction," FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plaintiffs. *See Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335 (2d Cir. 1978),

## C. Plaintiff and Potential Plaintiffs are Similarly Situated

Courts in the Second Circuit employ a two-step approach in adjudicating collective actions. At the initial "notice stage," the Court determines, on the basis of pleadings and affidavits, whether to notify potential opt-in plaintiffs that the case is pending. At this stage, Plaintiff must merely establish the existence of other employees who were "similarly situated."

At this stage, Plaintiff must merely establish the existence of other employees who were "similarly situated." At this stage, Plaintiff must merely establish the existence of other employees who were "similarly situated" to him. *Realite*, 7 F. Supp. 2d at 306; *see also Walston v. Edward J. Young, Inc.*, 2016 U.S. Dist. LEXIS 22084 at \*12-14 (E.D.N.Y. Feb. 22, 2016); *see also Valerio v. RNC Indus, LLC*, 314 F.R.D. 61, 2016 U.S. Dist. LEXIS 37098 at \*65-66 (E.D.N.Y. 2016). Consistent with this rule, conditional certification for FLSA collective actions have been granted in similar actions brought by employees for unpaid overtime against closely held businesses. *See Cano v. Four M Food Corp.* 2009 WL 5710143 at \*3 (E.D.N.Y. Feb. 9, 2009) (conditional certification granted for stockmen against four individually owned supermarkets); *see also Enriquez v. Cherry Hill Market Corp.*, 2012 WL 440691 at \*1 (E.D.N.Y. Feb. 10, 2012) (granting conditional certification for grocery stockers against individual who owned two separate supermarkets).

Other employees are "similarly situated' if they were subjected to the same policy or practice being challenged by plaintiffs in the litigation. *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F.Supp.2d 101, 104 (S.D.N.Y. 2003); *see also Valerio*, 314 F.R.D. 61, at \* 65; *see also Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) (authorizing notice where plaintiffs "establish[ed] that they were all required to participate in a tip pool that included employees who were not the type of employee that customarily and regularly receives tips [and]. . . that at least for some period of their employment they were paid less than the federal minimum wage because Defendants took advantage of the tip credit"). Plaintiff does not have to show "an actual FLSA violation" at this stage, but rather only that "a 'factual nexus' exists between the [P]laintiff's situation and the situation of other potential plaintiffs." *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 678 F. Supp.2d 89, 92 (E.D.N.Y. 2010). As the court

reasoned in *Siewmungal v. Nelson Management Group Ltd.*, there could be no reason why the Samudas would treat manicurists, pedicurists, and massage therapists at one spa differently than at others. *Siewmungal*, 2012 WL 715973 at *3 (E.D.N.Y. March 3, 2012).

At the initial stage, the conditional certification motion "warrants lenient review." *Cruz*, 2010 WL 3069558, at *2. Accordingly, here, Plaintiff needs to make only a "modest factual showing" that she and other employees were victims of a common policy. *Hoffman v. Sbarro, Inc.*, 982 F. Supp.249, 261 (S.D.N.Y. 1997). Courts apply "a fairly lenient standard and . . . typically grant[] conditional certification." *Torres*, 2006 WL 281 2819730, at *7 (internal quotations omitted); *see also Diaz v. Scores Holding Co.*, No. 07-cv-8718 (RMB), 2009 WL 7863502, (S.D.N.Y. May 9, 2008). "In cases in which conditional certification has been denied, the plaintiffs typically have failed to make any factual showing beyond conclusory statements in the pleadings." *Greene v. C.B. Holding Corp.*, 10-cv-01094, 2010 WL 3516566, at *4 (E.D.N.Y. Aug. 12, 2010).

Furthermore, at this initial stage a "weighing of the merits is absolutely inappropriate*." Shajan v. Barolo Ltd.*, No. 10-cv-1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010); *see also Krueger v. N.Y. Tel Co.*, Nos. 93-cv-0178-79, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993) ("even if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not to be similarly situated, notification at this stage . . . may enable more efficient resolution of the underlying issues . . .").

Accordingly, "extensive discovery" is not necessary at the initial stage. *Lunch v. United Servs. Auto. Ass'n*, 491 F. Supp.2d 357, 369 (S.D.N.Y. 2007). In lieu of discovery, courts rely on the allegations set forth in the complaint and in employee declarations. *Cruz*, 2010 WL 3069558, at *1 ("Courts look at pleadings and affidavits in making th[e] determination [that

7

plaintiffs and potential plaintiffs are similarly situated]"); *see also Shajan*, 2010 WL 2218095, at *1 (authorizing notice to restaurant workers based on pleadings and affidavits because "nothing more is needed at this stage"); *Delaney*, 261 F.R.D. at 59 (authorizing notice to restaurant workers based on plaintiffs' declarations and deferring "issues of facts" raised by defendants' declaration to a later stage)' *Gjurovich*, 282 F. Supp. 2d at 104-05 (plaintiff met his "minimal" burden for court-authorized notice based on pleadings and his declaration).

As set forth above, Plaintiff and potential plaintiffs who work or worked as manicurists, pedicurists and massage therapists at the spas owned by the Samudas are similarly situated, because they are subjected to the same, uniformly-applied, illegal pay practices. Thus, conditional certification is appropriate.

## D. The Court Should Approve Plaintiff's Proposed Notice

Plaintiff's proposed notice (Exhibit B to the Declaration of Jacob Aronauer) is "timely, accurate, and informative," *Hoffman-La Roche*, 493 U.S. at 166, and the Court should approve it. Plaintiff's proposed notice also contains a conspicuous, unambiguous statement that Defendants are prohibited by law from retaliating against any worker that opts in to the lawsuit. The language in Plaintiff's proposed notice may help alleviate the understandable fear current employees have of losing their jobs in this tough economic climate. Explaining to workers the FLSA's anti-retaliation protections is consistent with the purpose of court-authorized notice: to apprise individuals of their rights and enable them to join the case. *See Pefanis*, 2008 WL 4546526, at *4 (noting that "current employees may hesitate to join a lawsuit against their employer for many reasons, such as fear of retaliation" and authorizing notice "given the 'broad remedial purpose of the FLSA, which should be given a liberal construction'").

8

## E. The Court Should Require Defendants to Post the Notice in All of Their Spas

In addition to the notice that should be mailed to all potential plaintiffs, Defendants should be required to post the notice in all spas owned by the Samudas in a location clearly visible to potential opt-in Plaintiffs. "Such posting at the place of employment of potential opt-in plaintiffs is regularly approved by Courts." *Khamsiri*, 2012 WL 2012 WL 1981507, at * 6. This is necessary as many of the potential plaintiffs already have a pre-existing employment relationship with its inherent "risk of bias and coercion." *Vaughan*, 2010 WL 1528521, at * 19 *see also Belt v. Emcare Inc.*, 299 F. Supp.2d 664, 667 (E.D. Tex. 2003) *(citing Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985)).

## F. Discovery of Names, Addresses, Telephone Numbers and Social Security Numbers is Proper and Necessary Under Section 216(b)

It is appropriate for courts in collective actions to order the discovery of name and contact information of potential collective members. *See, e.g., Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 202 (S.D.N.Y. 2006); *see also Sherrill v. Sutherland Global Servs. Inc.*, 487 F. Supp.2d 344, 350 (W.D.N.Y. 2007); *see also Patton v. Thomson Corp.*, 364 F. Supp.2d 263, 268 (E.D.N.Y. 2005). "Courts within this Circuit routinely grant plaintiffs' motion to compel production of the names and addresses of potentially similarly situated employees who may wish to 'opt-in' to a collective action." *Anglada v. Lines 'n Things, Inc.*, No. 06-cv-12901, 2007 WL 1552511, at *7 (S.D.N.Y. May 29, 2007); *see also Vaughan*, 2010 WL 1528521, at * 29.

Plaintiff requests that, in addition to entering an order granting conditional certification and approving Plaintiff's proposed notice, the Court order Defendants to produce within ten days of its Order a computer-readable list of all non-managerial manicurists, pedicurists and massage therapists who were employed at any Samuda-owned spa at any point in the three years prior to the filing of this lawsuit with the following information: name, last known mailing address,

alternate address (if any), all known telephone numbers, Social Security number, and dates of employment by restaurant.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully asks this Court to grant their motion for conditional certification and Court-authorized notice pursuant to Section 216(b) of the FLSA in its entirety.

Dated: _____
New York, New York

Respectfully submitted,

_____
Jacob Aronauer (JA: 9184)
THE LAW OFFICES OF JACOB ARONAUER
225 Broadway, Suite 307
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorneys for Plaintiffs*

10